FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 17, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELE D., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration, <br><br> Defendant. | No.   1:20-cv-03145-SMJ <br><br> **ORDER REMANDING CASE** |

Before the Court, without oral argument, are Plaintiff's Motion for Summary Judgment, ECF No. 23, and Defendant's Motion to Remand, ECF No. 25. The parties agree that the ALJ erred by improperly evaluating the medical opinion evidence, improperly rejecting Plaintiff's opinion evidence, and improperly rejecting lay witness testimony. *See* ECF No. 23 at 2; ECF No. 25 at 3. But they disagree about the appropriate remedy. *Compare* ECF No. 26 *with* ECF No. 28. Plaintiff asks this Court to either remand for an award of benefits or with instructions for a *de novo* hearing, ECF No. 26 at 2, while Defendant asks the Court to remand without the mandatory instruction of either a *de novo* hearing or award of benefits, ECF No. 28 at 4. Having reviewed the motions and the file in this matter,

ORDER REMANDING CASE – 1

the Court is fully informed and remands this matter under Defendant's requested conditions. The Court thus reverses and remands the matter for further administrative proceedings before an Administrative Law Judge (ALJ) and a new decision regarding Plaintiff's applications for benefits under the Social Security Act.

## PROCEDURAL HISTORY[1]

Plaintiff filed for disability in 2013. AR 171. In 2015, an ALJ issued an unfavorable decision. AR 16. Plaintiff appealed, and this Court remanded for additional proceedings. AR 472. In 2020, the ALJ once again denied her claim, and Plaintiff again appealed. AR 386–99; ECF No. 1.

## LEGAL STANDARD

**A.    Remand for Benefits**

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). It is proper to remand for an immediate award of benefits only when: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed

---

[1] The facts of the case are set forth in the administrative record and the parties' briefs. *See, e.g.*, ECF No. 23 at 4–8. The parties have discussed any additional relevant facts in their briefing. *See generally* ECF Nos. 23, 25, 27 & 28. The Court thus provides only a short procedural summary here.

ORDER REMANDING CASE – 2

to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when these three conditions are met. *Id.* But "[i]n rare instances, though each of the credit-as-true factors is met, the record as a whole leaves serious doubt as to whether the claimant is actually disabled." *Trevizo v. Berryhill*, 871 F.3d 664, 683 n.11 (9th Cir. 2017).

In other words, a remand for award of benefits is appropriate only if the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014).

**B.    *De Novo* Hearing**

The Social Security Act ("the Act") requires that the "Commissioner shall give such applicant and such other individual reasonable notice and opportunity for a hearing." 42 U.S.C. § 405(b)(1). However, the Act does not require that a claimant receive a new hearing on remand. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter . . . a judgment . . . with or without remanding the cause for a rehearing."). Nor do the regulations require that an ALJ hold a new hearing in every remand:

ORDER REMANDING CASE – 3

> The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision. The Appeals Council may also remand a case in which addiction evidence is needed *or additional action by the administrative law judge is required*.

20 C.F.R. § 404.977(a) (emphasis added); *see also* 20 C.F.R. § 404.983(e) (the procedures outlined in Section 404.977 apply to cases remanded by federal courts). Where a *de novo* hearing would not provide helpful insight on remand, one is not required.

## DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving social security benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i),(b), 416.920(a)(4)(i),(b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

ORDER REMANDING CASE – 4

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the twelve-month duration requirement in Section 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id.*; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to Defendant to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also* SSR 13-2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving disability throughout the sequential evaluation process. Our only burden is limited to producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process."). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id.*; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

//

ORDER REMANDING CASE – 6

# ALJ FINDINGS

The ALJ found that Plaintiff had last met the insured status requirements of the Social Security Act on March 31, 2018. AR 391. At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity during the period from her alleged onset date of October 31, 2012 through her date last insured of March 31, 2018 ["the relevant period"]." *Id*.

At step two, the ALJ found that Plaintiff suffered from severe impairments during the relevant period, including: migraine headaches, obesity, cirrhosis of the liver, somatoform disorder, and anxiety disorder. *Id*.

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments" during the relevant period. AR 392.

At step four, the ALJ found that Plaintiff has no past relevant work during the relevant period. AR 397.

At step five, the ALJ found that, during the relevant period, Plaintiff had the residual functional capacity to perform light work, except she can never climb ladders, ropes, scaffolds, ramps, or stairs and can occasionally stoop and crouch. The ALJ found she can "perform unskilled repetitive routine tasks in two-hour increments; have no contact with the public; occasional contact with supervisors; and can work in proximity to but not in coordination with, coworkers." AR 393.

Based on Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found that she could perform other work existing in significant numbers in the national economy during the relevant period and thus was not disabled. AR 397–99. The ALJ determined that Plaintiff could perform the requirements of occupations such as mail clerk, marker, or food sorter. AR 398.

## DISCUSSION

### A.    Remand for Benefits

The Court declines to reverse for an immediate award of benefits. The Court cannot determine that remand would only delay an award to Plaintiff. *Cf. Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Although Plaintiff's evidence, when credited, constitutes convincing evidence of disability, it is possible a reasonable ALJ could find otherwise. *Treichler*, 775 F.3d at 1101. For example, Plaintiff held herself out as being able to do *some* work during the relevant period. *See* AR 344 (asking Dr. Whittlesey, her treatment provider to sign doctor's note describing her limitations so she could return to "some type of employment."); *see also* AR 190 (Plaintiff collected unemployment benefits during 2013). And Dr. Williams himself noted that Plaintiff "did not appear particularly anxious." AR 336. This undermines Plaintiff's contention that giving Dr. Williams's opinion great weight *necessitates* a finding of disability. *See* ECF No. 26 at 5–8. There might be—and perhaps even likely is—as Plaintiff claims, an explanation for these inconsistencies which causes

ORDER REMANDING CASE – 8

the ALJ to make a determination that Plaintiff was disabled. But the Court cannot find that the record, taken as a whole, leaves "not the slightest uncertainty as to the outcome." *Treichler*, 775 F.3d at 1101; *see also Garrison*, 759 F.3d at 1020.

**B.    *De Novo* Hearing**

The Court also declines to require a *de novo* hearing upon remand, leaving that determination to the discretion of the ALJ, given the instructions below. The relevant period ended on March 31, 2018. AR 391. There have been two hearings since that time. ECF No. 28 at 2 (citing AR 1080–115 and AR 407–44). At the most recent hearing, Plaintiff stated "she can't remember hardly anything." AR 424. A reasonable ALJ could determine that a *de novo* hearing is not necessary and would not provide new information or helpful insight.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED IN PART** and **DENIED IN PART**.

2. Defendant's Motion to Remand, **ECF No. 25**, is **GRANTED**.

3. The above-captioned case shall be **REVERSED** and **REMANDED** for further administrative proceedings.

4. On remand, the ALJ shall:

    A. Further evaluate the opinions of the record, especially those of Dr. Williams, and provide rationale for the weight accorded;

ORDER REMANDING CASE – 9

      **B.**    Properly assess and weigh the opinion of consultative examiner, R. Richard Sloop, M.D.;

      **C.**    Properly assess lay witness testimony;

      **D.**    Further evaluate Plaintiff's residual functional capacity;

      **E.**    If warranted, obtain evidence from a medical expert related to the nature and severity of and functional limitations resulting from Plaintiff's impairments;

      **F.**    If warranted, obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base; and

      **G.**    If warranted, conduct a *de novo* hearing. *See* 42 U.S.C. § 405(b)(1), (g).

5.    All hearings and deadlines are **STRICKEN**.

6.    The Clerk's Office is directed to **ENTER JUDGMENT** for Plaintiff and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 17th day of September 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER REMANDING CASE – 10